

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

August 13, 1965

Honorable Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. C-483

Re: Whether Texas Western College
may use an appropriation set
up in General Appropriation
Bill as "Tuition Scholarships"
to pay tuitions for non-
resident students.

Dear Mr. Calvert:

We are in receipt of your letter of recent date
requesting an opinion on the question as hereinafter stated:

Whether Texas Western College may use an
appropriation set up in General Appropriation
Bill as "Tuition Scholarships" to pay tuitions
for non-resident students.

House Bill No. 12 of the 59th Legislature, Regular
Session, 1965, same being the Biennial Appropriations Bill,
provided in Section IV-24 the following:

"TEXAS WESTERN COLLEGE OF THE UNIVERSITY OF TEXAS

". . .

"7. Special Item (non-transferable):
Tuition Scholarships      $4,000"

Article 2654c, Revised Civil Statutes of Texas,
provides in part as follows:

". . .

"Sec. 1 (b) The Governing Boards of the
several state-supported institutions are
hereby authorized and directed to have re-
served and set apart in a separate account
on the books of the respective institutions,

-2284-

out of the fees levied and collected from
students under Subsection (a), Section 1
of this Act, an amount to be determined
by the Legislature for each institution
in the biennial Appropriation Bill, for
the purpose of creating a special fund to
be used in awarding Tuition Scholarships
to needy resident students enrolled in
such respective institutions. Tuition
Scholarships shall be awarded to students
with the approval of the President or other
administrative heads of each such respective
institution in accordance with such rules
and regulations governing the award of such
Tuition Scholarships as may be promulgated
by the Governing Boards of said respective
institutions. Rules and regulations shall
be subject to the following conditions:

". . .

"1 (b) (3) <u>Recipients of such Tuition
Scholarships must be classified as 'resident
students' under the provisions of this Act.</u>

". . .

"Sec. 1 (e) The term 'residence' as
used in this Act means 'domicile'; the term
'resided in' means 'domiciled in'; provided,
the Governing Board of each institution
required under this Act to charge a nonresident
registration fee is hereby authorized and
directed to follow such rules, regulations,
and interpretations as are issued by the Commission
on Higher Education for the effective and
uniform administration of the nonresident
tuition provisions of this Act. Any such rules,
regulations, and interpretations as may be
issued by said Commission shall also be
furnished to the presidents or executive heads
of public junior colleges in this State. For
the purposes of this Act, the status of a
student as a 'resident,' or 'nonresident'
student, is to be determined as follows:

"1 (e) (1) A nonresident student is
hereby defined to be a student of less than
twenty-one (21) years of age, living away

from his family and whose family resides in another state, or whose family has not resided in Texas for the twelve (12) months immediately preceding the date of registration; or a student of twenty-one (21) years of age or over who resides out of the state or who has not been a resident of the state twelve (12) months immediately preceding the date of registration.

". . .

"1 (e) (4) Individuals of twenty-one (21) years of age or less whose families have not resided in Texas for the twelve (12) months immediately preceding the date of registration, shall be classified as 'nonresident students' regardless of whether such individuals have become the legal wards of residents of Texas or have been adopted by residents of Texas while such individuals are attending educational institutions in Texas or within a year prior to such an attendance or under circumstances indicating that such guardianship or adoption was for the purpose of obtaining status as a 'resident student.'

"1 (e) (4) (f) <u>All aliens shall be classified as 'nonresident students'</u>; provided, however, that an alien who is living in this country under a visa permitting permanent residence or who has filed a Declaration of Intention to become a citizen with the proper federal immigration authorities shall have the same privilege of qualifying for resident status for fee purposes under this Act as has a citizen of the United States. Provided, however, that a resident alien residing in a junior college district located immediately adjacent to state boundary lines shall be charged the resident tuition by such junior college.

". . ." (Emphasis added).

From the letter which you received from Texas Western College, which is the basis of your inquiry, we quote the following:

"Texas Western College of The University of Texas in its request for legislative appropriations for the fiscal years ending August 31, 1966 and 1967, requested a special item for each year, $4,000 for 'Scholarships for Top Juarez High School Graduates.' The amount requested was to take care of the tuition of ten non-resident students for nine months.

"The item was appropriated by the Fifty-Eighth Legislature and set out in the appropriation bill as 'Tuition Scholarships.' The regular tuition scholarship, as you know, is for resident students and in the amount of $25 per semester. This was not set up as the statutes provide the regular resident tuition scholarship will be.

"My question is: May we use this appropriation to pay tuition for non-resident students, the purpose for which it was requested, or will its use be limited to the regular statutory 'tuition scholarship'?"

From reading the above quoted letter, the same discloses that these students are and will be residents of Juarez, Mexico, while attending Texas Western College of The University of Texas at El Paso, Texas, and will be classified as non-resident students.

As Article 2654c requires that recipients of tuition scholarships must be classified as resident students, it therefore follows that non-resident students would not be eligible to receive tuition scholarships.

## SUMMARY

Under the provisions of Article 2654c, Revised Civil Statutes of Texas, appropriation set up in House Bill No. 12, Biennial Appropriation Bill, 59th Legislature, Section IV-24, Tuition Scholarships cannot be used to pay tuitions for non-resident students.

Hon. Robert S. Calvert, page 5 (C-483)

Yours very truly,

WAGGONER CARR
Attorney General

By: John H. Banks
    John H. Banks
    Assistant

JHB:sj

APPROVED:
OPINION COMMITTEE

W. O. Shultz, Chairman
H. Grady Chandler
Roy Johnson
Linward Shivers

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright